(42 App. Div. 579.)

PEOPLE ex rel. MAY v. MAYNARD.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

PAUPERS—SETTLEMENT AND REMOVAL.

    Under the poor law of 1896, providing that no residence of a poor person in any town shall operate to give such person a settlement while he is supported by another town, and Poor Law 1897, § 57, providing that a person who acquires a settlement in a town loses it by a continuous residence elsewhere for one year, a pauper who moves from one town to another, and lives for a year at the expense of the town of his former settlement, must be supported, after such time, by the county as required by Poor Law 1896, § 42, providing that a pauper who has not obtained a settlement in a town or city shall be supported by the county.

Application by writ of certiorari on the relation of Jacob May to review the determination of Frank L. Maynard, superintendent of the poor of the county of Herkimer, in which county the distinction between town and county poor exists, disallowing in part the application of Jonah May, as overseer of the poor of Little Falls, to have the expense of furnishing relief to certain poor persons made a charge upon the town of Newport. Quashed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

S. H. Newberry, for relator.

George H. Bunce, for Frank L. Maynard.

Charles L. Fellows, for town of Newport.

NASH, J. In the spring or summer of 1896, John Sweet and his wife and five infant children removed from Newport, in which town they resided, and had gained a settlement, to the city of Little Falls. In November, 1896, Sweet, for himself and his family, made application for relief to the overseer of the poor of the city of Little Falls, who thereupon gave notice to the overseer of the town of Newport requiring him to provide for their support. The claim that said poor persons had a settlement in the town of Newport was not contested. The overseer of the poor of Little Falls furnished the said poor persons proper and necessary relief from about the 6th of November, 1896, until the 11th of November, 1898, and rendered a correct statement thereof to the overseer of the poor of Newport, and demanded payment thereof, which was made in part, but for all items furnished and expenses incurred by the city of Little Falls after April 7, 1898, payment was refused. Upon application of the overseer of the poor of Little Falls to the superintendent of the poor of the county for his allowance of the rejected part of the bill so that the same might be presented to the board of supervisors, and made a charge upon the town of Newport, he determined, as follows:

"I have determined that said John Sweet and family, the poor persons for whose support and maintenance the expense stated in the foregoing bill attached hereto was incurred, have lost their settlement as poor persons in the town of Newport, Herkimer county, by a continuous residence elsewhere, viz. in the city of Little Falls, Herkimer county, for one year, and that they have gained a settlement as poor persons in said city of Little Falls, and that the

expense so incurred for the support and maintenance of said John Sweet and family by the said city of Little Falls and its overseer of the poor since April 7, 1898, the expiration of one year after chapter 203 of the Laws of 1897 became a law, is not a legal, proper, or valid claim or charge against the said town of Newport, and that the said town of Newport is not liable for the payment thereof."

The poor law of 1896 provides, as did the Revised Statutes, that no residence of a person in any town while supported at the expense of any other town shall operate to give such person a settlement in the town where such residence may be had. People v. Lyke, 159 N. Y. 149, 53 N. E. 802. The settlement of Sweet and his family being in the town of Newport, and not having, while self-supporting, resided in Little Falls for a year, their settlement under the poor law as it stood in November, 1896, the time application for relief to the overseer of Little Falls was made, remained in the town of Newport. Under the Revised Statutes, and under the poor law as originally enacted, the settlement of a poor person remained unchanged. It could not be lost, or another obtained, by removing elsewhere. But by the act of 1897, which became a law on the 7th of April, 1897, the poor law was amended by inserting therein a new section (57), which provides that "a person who has gained a settlement in a town or city loses the same by a continuous residence elsewhere for one year." The family of Sweet, by their residence for one year in Little Falls, lost their settlement in Newport, and therefore they were not to be supported as poor persons by that town after one year from April 7, 1897. They did not, however, gain a settlement in Little Falls. The statute in other respects remains the same. The settlement simply is lost for the purpose of continuous support in the town of the former settlement. After the settlement by a continuous residence elsewhere for a year is lost, the poor person then becomes a charge upon the county of his residence, under section 42, subd. 2, of the poor law, which provides: "If he has not gained a settlement in any town or city in the county in which he shall become poor, sick or infirm, he shall be supported and relieved by the superintendents of the poor at the expense of the county." The family of Sweet having become poor while residents of Little Falls, and not having gained a settlement therein, they were to be supported by the town of Newport until, by the terms of the statute, they lost their settlement therein, and thereafter at the expense of the county of Herkimer. The writ should be quashed, but, as the question is new, without costs.

Writ dismissed, without costs to either party. All concur.